UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| V. | : CASE NO.: 1:21-CR00007-001 |
| | : |
| JUAN FUNES | : |

**DEFENDANT'S SENTENCING MEMORANDUM**

Defendant, Juan Funes, by and through counsel, submits this memorandum to aid the Court with imposing a sentence in this case that is "sufficient, but not greater than necessary" to achieve the statutory sentencing purposes of 18 U.S.C. § 3553(a). For the reasons below, Mr. Funes asks the Court to impose a sentence of 36 months.

**I.   BACKGROUND**

Mr. Funes was arrested on June 4, 2019 and charged in the Rhode Island criminal justice system for child pornography. On January 29, 2021, a long time after he was charged in state court and while in the midst of pretrial negotiations, a federal grand jury surprisingly returned a two-count Indictment charging him with Distribution of Child Pornography, in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1) and Possession of Child Pornography, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2).

On February 3, 2021, Mr. Funes initially appeared before this Court for arraignment. At that time, he entered not guilty pleas both offenses and was released on unsecured bond with conditions including pretrial services supervision. These conditions were more punitive than those imposed against him in Rhode Island state court. On May 11, 2022, Mr. Funes appeared before this Court and pleaded guilty to the Indictment in accordance with a pretrial agreement he entered with the government. The Court accepted Mr. Funes pleas and adjudged him guilty.

Mr. Funes is currently scheduled to appear for sentencing on August 16, 2022. U.S. Probation issued its final presentencing report (PSR) related to this case on August 9, 2022. The PSR calculates Mr. Funes's criminal history at category I and a total offense level of 24, which results in an advisory sentencing guideline range of 51 to 63 months.[1]  The defense has no objections to the PSR.

There is no mandatory minimum jail sentence applicable in this case.   Further, the parties' plea agreement calls for a joint jail sentence recommendation of 36 months, which falls below the applicable guidelines range.

## II.   SENTENCING FACTORS AND CONSIDERATION

The District Court is required to fashion a sentence that is "sufficient, but not greater than necessary" to achieve the statutory purposes of punishment set forth in 18 U.S.C. § 3553 (a). *United States v. Booker*, 543 U.S. 220 (2005).   Sentencing should begin with a calculation of the applicable sentencing guidelines range.  *Gall v. United States*, 128 S. Ct. 586, 596 (2007) (*citing Rita v. United States*, 127 S. Ct. 2456, 2480 (2007)).  The guidelines calculation is a starting point and initial benchmark for the Court to consider, however, it is not the only sentencing consideration.  *Id.*

A Court may not presume the guidelines range is reasonable but must make an individualized assessment of each defendant based upon the facts presented in each case.  *Gall,* 128 S. Ct. at 597 (emphasis added).   After both parties are afforded an opportunity to argue for whatever sentence they deem appropriate, the Court must then consider the factors[2] of 18 U.S.C.

---

[1] PSR. ¶.73.
[2] To determine an appropriate sentence that is sufficient, but not greater than necessary, the Court shall consider:
    (1)  the nature and circumstances of the offense and the history and characteristics of the defendant;
    (2)  the need for the sentence imposed:
        (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
        (B) to afford adequate deterrence to criminal conduct;

§ 3553 (a) to determine the most appropriate sentence. *Id*. In the instant case, Mr. Funes urges the Court to consider a potential sentence of 36 months or three (3) years of incarceration when considering application of the following 18 U.S.C. § 3553 (a) factors to his case.

### A. Acceptance of Responsibility

The seriousness of Mr. Funes's conduct cannot be understated. However, his post-arrest conduct is what he asks the Court to focus on when imposing his sentencing. Mr. Funes cooperated with authorities with respect to his own prosecution, fully accepted responsibility, and has done everything in his power to mitigate his admitted wrongdoing. He has remained fully compliant while on bail, both in state court and while pending federal prosecution before this Honorable Court. He accepts full responsibility for his actions and as such, has been credited with a two-level downward adjustment.[3]

Mr. Funes deeply regrets the choices he made, which bring him before this Court. He is both apologetic and ashamed. This case represents Mr. Funes's first and last negative encounter with the criminal justice system. Mr. Funes has no criminal history[4], and this case represents the first time he will ever be incarcerated. This case will also result in the unavoidable consequences of a felony conviction and sex offender registration requirements. These

---

      (C) to protect the public from further crimes of the defendant; and
      (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines;
(5) any pertinent policy statement issued by the Sentencing Commission;
(6) the need to avoid unwarranted sentence disparities among the defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553 (a).

[3] PSR. ¶.18.
[4] PSR. ¶.35.

consequences alone will be devastating for a young man like Mr. Funes with such limitless future potential.

Mr. Funes has no history or reputation for violence and is not an affiliated with any gang or criminal organization. Since his arrest, Mr. Funes has already transformed his life in many ways, including seeking mental health counseling on a regular basis, enrolling in college, and maintaining steady employment.[5]

### B. History and Characteristics of the Defendant

Mr. Funes is 24 years old.[6] He was born in Providence, RI to the union of Juan C. Funes and Nancy Bullens and has remained a lifelong resident of the city. In approximately 2007, his parents separated because of his father's substance abuse issues and instability as both a provider and a parent.[7] When Mr. Funes was in 6th grade, his father was sentenced to the Bureau of Prisons for drug trafficking.[8] After his parents divorced, Mr. Funes' mother became increasingly abusive and neglectful toward him and his brothers, Guillermo (age 25) and Andres (age 21).[9] In addition to regularly leaving Mr. Funes and his brothers stranded at school, she physically abused her children.[10] After the boys' paternal grandmother, Alicia Preza, observed scratch marks on the boys' faces, she contacted RI Department of Children, Youth and Families (DCYF) to intervene. From that point onward, Mr. Funes and his brothers lived with Ms. Preza.

Mr. Funes' father, Juan, age 51, currently resides in Providence and is unemployed. Mr. Funes loves his father but maintains a distant relationship with him due to his continued struggle

---

[5] PSR. ¶.47, 61-62
[6] PSR. ¶.41.
[7] PSR. ¶.42.
[8] PSR. ¶.43.
[9] PSR. ¶.44, 51, 52
[10] PSR. ¶.44.

with alcoholism.[11] Mr. Funes' mother, Nancy Bullens, age 43, is employed as a secretary with the Providence Fire Department, and lives with her second husband, Chris Bullens, who works as a roofer. Together, they share two children, Dante, age 11, and Amalia, age 14.[12] Mr. Funes' mother abandoned Mr. Funes many years ago; she hardly calls or visits with him. Their relationship is non-existent. As such, he does not have strong bonds with either of his parents. Mr. Funes looks to his grandmother as the most stable, loving, and reliable parental figure in his life. He loves and treasures her to this very day and is brokenhearted because he broke her heart through his admitted misconduct.

As a result of his abusive, unstable upbringing, Mr. Funes' grades began to decline while in middle school. He declined to participate in extracurricular activities, and he had difficulty making friends.[13] After graduating from Hope High school in 2017, Mr. Funes briefly moved in with his mother and began working for his stepfather's roofing business.[14] After approximately eight months, Mr. Funes stopped working and returned to his grandmother's home, located at 47 Aryault Street, Providence. During this time, and up until his arrest in June 2019, he remained unemployed and with no intention of attending college. Following his arrest, he began attending Community College of Rhode Island, where he has developed a passion for his art courses. By August of 2019, he began working for a cleaning company, and continues to remain employed in this capacity.[15] He has also been working in the warehouse of a small appliance company, Microfridge by Danby, in Foxborough, MA since September 2021.[16]

---

[11] PSR. ¶.49.
[12] PSR. ¶.50.
[13] PSR. ¶.46.
[14] PSR. ¶.46-47.
[15] Id.
[16] PSR. ¶.68.

Mr. Funes does not drink alcohol and has never experimented with any illicit substances. Prior to the instant offense, Mr. Funes never participated in mental health treatment.[17] Following his arrest in June 2020, Mr. Funes started attending counseling with Dr. David Ingle through Blackstone Valley Family Therapy in Cumberland, RI on a weekly basis until November 2020. Since he was released on pretrial supervision in February 2021, he has been in bi-weekly counseling with Codac Behavioral Health.  He has been diagnosed with adjustment disorder. Mr. Funes would like to continue counseling post-sentencing.[18]

### C. **Promote Respect for the Law, Provide Just Punishment for the Offense, Afford Adequate Deterrence to Criminal Conduct and to Protect the Public from Further Crimes of the Defendant.**

When considering this multi-part sentencing factor, Mr. Funes urges that a sentence of 36 months is sufficient, but not greater than necessary, to achieve these federal sentencing objectives.  The Defense does not even believe a jail sentence is warranted, but Mr. Funes is contractually bound to participate in the joint recommendation of 36 months.  Any period of incarceration is unnecessary to promote Mr. Funes's respect for the law.  As noted above, Mr. Funes had never been in trouble with the law.  This is his first and last interaction with the criminal justice system.  Since his arrest, he has already made major lifestyle changes, including attending regular mental health treatment, enrolling in courses at CCRI, and maintaining two jobs.  Mr. Funes is not on any psychiatric medication and has never had a history of violence. He maintains close, loving relationships with his grandmother and brothers.  They are aware of his current situation and remain supportive of him during this difficult time.

---

[17] PSR. ¶.61.
[18] Id.

36 months of incarceration is *more than sufficient* to provide just punishment to Mr. Funes for his convicted offenses and to adequately deter similar, future misconduct by him or others who are similarly situated. As stated above, Mr. Funes is only 24 years old. A sentence of 36 months is prison represents a significant period during a pivotal stage in his life and will undoubtedly be a major setback. This prison sentence is sufficient to punish and adequately deter just about any criminal defendant regardless of age or criminal history. Any additional jail time beyond 36 months will provide marginal, if any, sentencing benefits.

### III.     MISCELLANEOUS REQUEST

Mr. Funes asks the Court to recommend to the BOP that he be allowed to serve his jail sentence in a facility as close to Rhode Island as possible to afford him the opportunity to receive visitation from friends and family.

### IV.     CONCLUSION

Based upon the foregoing, Mr. Funes respectfully asks the Court to impose a sentence of 36 months, which he contends is "sufficient, but not greater than necessary" to achieve the objectives of 18 U.S.C. § 3553(a).

Respectfully submitted this 11th day of August 2022.

JUAN FUNES
By Counsel,

/s/ John L. Calcagni III, Esq
John L. Calcagni III (BBO# 657433)
Law Office of John L. Calcagni III, Inc.
72 Clifford Street, Suite 300
Providence, RI  02903
Phone: 401-351-5100
Fax: 401-351-5101
jc@calcagnilaw.com

## **CERTIFICATION**

 I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered Participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as nonregistered participants on August 11, 2022.

            /s/ John L. Calcagni III, Esq
            John L. Calcagni III (BBO# 657433)
            Law Office of John L. Calcagni III, Inc.
            72 Clifford Street, Suite 300
            Providence, RI  02903
            Phone: 401-351-5100
            Fax: 401-351-5101
            jc@calcagnilaw.com