UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal Case No. 21-007-WES |
| v. | |
| JUAN C. FUNES | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

The Government and Defendant are bound under the terms of the plea agreement to recommend a sentence of 36 months.  (Dkt. No. 24 (plea agreement) at ¶¶ 1.b., 2.a.).  The parties also agree that a sentence of less than 36 months is not sufficient to achieve the objectives of 18 U.S.C. § 3553.  (*Id.*).  The Government recommends exactly 36 months of incarceration.

I.      **Argument.**

1.      **Thirty-six months is appropriate in light of Defendant's offense conduct.**

The recommended term of incarceration is necessary in light of the offense conduct.  On February 22, 2019 and on multiple other occasions, Defendant downloaded via the internet multiple images of child pornography, specifically visual depictions of minors engaging in sexually explicit conduct that included lewd and lascivious displays of their genitals.  The production of these images involved the use of minors engaging in sexually explicit conduct, and Defendant knew from the appearance of these minors that they were in fact minors and were engaging in sexually explicit conduct.  The production of these images involved the rape and sexual abuse of children, and the images document that rape and sexual abuse.

1

Furthermore, from February 22, 2019 through June 4, 2019, the day of his arrest, Defendant possessed and maintained a substantial stash of child pornography, all of which he had downloaded from the internet. On June 4, 2019, Defendant's Google account contained 300 images of child pornography and his cellular telephone contained over 2000 images of child pornography. The victims displayed in the child pornography included prepubescent children.

    **2.    Thirty-six months is appropriate because Defendant, in part, created and fed demand for the suffering of children in the production of child pornography.**

36 months represents the seriousness of this offense, the need for deterrence, and the need for punishment. Defendant helped fuel the market for child pornography.

As the Seventh Circuit Court of Appeals observed:

> Young children were raped in order to enable the production of the pornography that the defendant both downloaded and uploaded – both consumed himself and disseminated to others. The greater the customer demand for child pornography, the more that will be produced. Sentences influence behavior, or so at least Congress thought when in 18 U.S.C. § 3553(a) it made deterrence a statutory sentencing factor. The logic of deterrence suggests that the lighter the punishment for downloading and uploading child pornography, the greater the customer demand for it and so the more will be produced.

*United States v. Goldberg*, 491 F.3d 668, 672 (7th Cir. 2007) (citations omitted). Courts have repeatedly recognized that deterrence and punishment should be primary factors in fashioning child pornography sentences. *See e.g.*, *Osborne v. Ohio*, 495 U.S. 103, 109-10 (1990) ("It is surely reasonable for the State to conclude that it will decrease the production of child pornography if it penalizes those who possess and view the

product, thereby decreasing demand."); *United States v. Lichtman*, 683 Fed.Appx. 873, 879 (11th Cir. 2017) ("A strong consideration in weighing the seriousness of [possession and distribution offenses] is that those who receive and exchange child pornography create a demand that influences the production of the pornography and the attendant physical and emotional injury to children."); *United States v. Ellison*, 113 F.3d 77, 81 (7th Cir. 1997) (observing that "even the receipt of [child pornography] for personal use, without more, keeps producers and distributors of this filth in business.").

The First Circuit has repeatedly found that the effects of demand for child pornography, namely the perpetuation or increase of supply, justifies lengthy jail terms for child pornography possession. *See United States v. Gomera-Rodriguez*, 952 F.3d 15, 20 (1st Cir. 2020) (97-month term of incarceration substantively reasonable as means of deterring demand and thereby tamping down supply); *United States v. Hassan-Saleh-Mohamad*, 930 F.3d 1, 9 (1st Cir. 2019) ("There is nothing erroneous about the district court's statement about fueling demand and supply, and this was a reasonable factor for the court to weigh (especially here, where Hassan not only possessed child pornography but also made available at least two videos on a file-sharing network.)"); *United States v. Gall*, 829 F.3d 64, 75 (1st Cir. 2016) (because "possession of child pornography fueled the market for child pornography, and thus indirectly harmed children[,]" Guidelines range sentence for child pornography possession offense was substantively reasonable.)   One of the goals of sentencing in child pornography cases is the reduction of demand for child pornography, and serious jail sentences aid in achieving that goal.  *See id.*

### 3. Thirty-six months appropriately reflects the harm Defendant caused to child in his collection of child pornography.

The sentence imposed in this case is society's response to the abuse suffered by the victims and should acknowledge the harm this Defendant has caused to them. The children depicted in the child pornography Defendant possessed and distributed are all actual victims of Defendant's offense conduct and on an ongoing basis experience harm from the collection and distribution of the images and videos of their rape and sexual abuse. Child pornography is "a permanent record" of the participation of and harm suffered by the involved children, and that harm "is exacerbated" by the circulation of the images or videos. *New York v. Ferber*, 458 U.S. 747, 759 (1982); *see also*, *Osborne v. Ohio*, 495 U.S. 103, 111 (1990) ("[T]he materials produced by child pornographers permanently record the victim's abuse. The pornography's continued existence causes the child victims continuing harm by haunting children in years to come."); *Ashcroft v. Free Speech Coal.*, 535 U.S. 234, 249 (2002) ("[A]s a permanent record of a child's abuse, the continued circulation itself would harm the child who had participated. Like a defamatory statement, each new publication of the speech would cause new injury to the child's reputation and emotional well-being."). The continuing harm caused by the dissemination and possession of child pornography is "well supported by medical and social science." *See United States v. Kearney*, 672 F.3d 81, 94 (1st Cir. 2012) (citing *Ferber*, 458 U.S. at 759-60 & nn. 9-10 (collecting authorities)).

In *Paroline v. United States*, 572 U.S. 434 (2014), the United States Supreme Court described the harm suffered by one particular victim of child pornography. The victim,

when eight and nine years old, "was sexually abused by her uncle in order to produce child pornography[,]" and her uncle was prosecuted and "sentenced to a lengthy prison term." *Id.* at 440. The victim "underwent an initial course of therapy" over approximately two years and appeared to return to "normal[.]" *Id.* "[H]er involvement in dance and other age-appropriate activities… justified an optimistic assessment." *Id.* But she appeared "to decline in her teenage years[,]" and "a major blow to her recovery came when, at the age of 17, she learned that images of her abuse were available nationwide and no doubt worldwide." *Id.* In a victim abuse statement, she described her injury from the distribution of her images as follows:

> Every day of my life I live in constant fear that someone will see my pictures and recognize me and that I will be humiliated all over again. It hurts me to know someone is looking at them – at me – when I was just a little girl being abused for the camera. I did not choose to be there, but now I am there forever in pictures that people are using to do sick things. I want it all erased. I want it all stopped. But I am powerless to stop it just like I was powerless to stop my uncle…. My life and my feelings are worse now because the crime has never really stopped and will never really stop…. It's like I am being abused over and over and over again.

*Id.* at 440-41. The crimes of this victim's original abuser "were compounded by the distribution of images of her abuser's horrific acts, which meant the wrongs inflicted upon her were in effect repeated; for she knew her humiliation and hurt were and would be renewed into the future as an ever-increasing number of wrongdoers witnessed the crimes committed against her." *Id.* at 441.

The children depicted in Defendant's collection of child pornography are harmed

every time their images come into focus before another pair of strange eyes.[1]  Defendant was one of those strangers, and he put some of his collection of child pornography before the eyes of other strangers.  For the harm Defendant caused all of his victims and to achieve justice for those victims, a thirty-six-month term of incarceration is reasonable and proper.

## II.     Conclusion

For all of these reasons, the Government asks the Court to accept the parties' joint recommendation and sentenced Defendant to thirty-six months of incarceration.

Respectfully submitted,

UNITED STATES OF AMERICA
By its Attorney,

ZACHARY A. CUNHA
United States Attorney

/s/ Milind Shah
Milind Shah
Assistant U.S. Attorney
U.S. Attorney's Office
One Financial Plaza, 17th Floor
Providence, RI 02903
Tel (401) 709-5000;Fax (401) 709-5001
milind.shah@usdoj.gov

---

[1]  The images and videos in this case were submitted to the National Center for Missing and Exploited Children for identification, but as of the date of this filing, no responses have been received.  Nonetheless, there is no dispute the victims here are real people.

## **CERTIFICATE OF SERVICE**

On this the 12th day of August 2022, the above sentencing memorandum was filed using the Court's CM/ECF System and was thereby made available to Defendant's counsel, John L. Calcagni III of Law Office of John L. Calcagni III, Inc. at 72 Clifford Street, Suite 300, Providence, Rhode Island 02903.

<u>/s/ Milind Shah</u>
Milind Shah
Assistant U.S. Attorney
U.S. Attorney's Office
One Financial Plaza, 17th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
milind.shah@usdoj.gov