UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JUAN C. FUNES | Criminal Case No. 21-007-WES |

**GOVERNMENT'S SUPPLEMENTAL SENTENCING MEMORANDUM**

Sentencing in the above-captioned matter was continued to permit preparation and submission of a psycho-sexual evaluation of Defendant, and that evaluation has now been submitted to the Court. The government submits this supplemental evaluation to express a lack of confidence in the evaluation. As described below, the evaluator based his conclusions on a series of false or dubious premises, and this renders the conclusions unreliable. The government urges the Court to sentencing Defendant to 36 months of incarceration, consistent with the parties' joint recommendation and consistent with the plea agreement.

The evaluator takes it as a given, based on an interview of Defendant, that Defendant is not attracted to children and does not masturbate to images of prepubescent children. (Keating Evaluation ("Eval") at 5). The evaluator should not have credited the statement. At the change of plea, through paragraph 4 of the plea agreement, and through the PSR, Defendant admitted that on February 22, 2019, when he was 20 years old, he downloaded 300 images of child pornography and knew that the images that he had downloaded contained images of minors engaged in sexual explicit activity. (Dkt. 24 (Plea Agreement) at ¶4.a.; Dkt. 27 (PSR) at ¶¶ 11-12). This act

1

of downloading demonstrates that Defendant does have a sexual interest in children and obtains sexual gratification from viewing child pornography. One does not knowingly download child pornography absent a sexual interest in children. Moreover, elsewhere in his report, the evaluator notes that Defendant viewed child pornography as an adult and did so as a replacement for romantic or dating relationships. (Eval at 7). Accordingly, the evaluator must have been aware that Defendant in foreswearing a sexual interest in children was being untruthful. But yet, the evaluator does not say so. Although he does not draw any negative inferences from such untruthfulness, it is impossible not to.

      The evaluator concludes from testing that Defendant has the normal sexual interests of an ordinary heterosexual male, has a sexual interest in only sexually mature females, and has no sexual interest in child. (Eval at 6). These conclusions are again belied by Defendant's own behavior. He admitted that as an adult he knowingly downloaded 300 images of child pornography, and he possessed at the time of arrest a total of over 2300 images of child pornography. (Dkt. 24 at ¶4.a.-d.; Dkt. 27 at ¶¶ 11-15). The fact of his knowing possession of child pornography belies the evaluator's conclusions and any testing he used to arrive at those conclusions.

      The evaluator opines that a very small portion of those charged with child pornography possession have any deviant sexual interest in children. (Eval at 6). This conclusion is again unreliable. Accept for those who accidentally possess child pornography, it is apparent that those who possess child pornography do so for sexual gratification purposes and therefore have a sexual interest in children, which is deviant.

The evaluator concludes that Defendant's viewing of child pornography as an adult was a vestige of adolescent sexual interest. (Eval 7). The plainer conclusion from the fact of Defendant's downloading and viewing of child pornography as an adult is that as an adult he continues to have a sexual interest in children.

The evaluator concludes that Defendant has his entire life been able to abide by societal norms. (Eval 8). This is plainly false. His collection and acquisition of child pornography demonstrates the falsity of the evaluator's conclusion.

>                         Respectfully submitted,
>
>                         UNITED STATES OF AMERICA
>                         By its Attorney,
>
>                         ZACHARY A. CUNHA
>                         United States Attorney
>
>                         /s/ Milind Shah
>                         Milind Shah
>                         Assistant U.S. Attorney
>                         U.S. Attorney's Office
>                         One Financial Plaza, 17th Floor
>                         Providence, RI 02903
>                         Tel (401) 709-5000;Fax (401) 709-5001
>                         milind.shah@usdoj.gov

## CERTIFICATE OF SERVICE

On this the 10th day of January 2023, the above sentencing memorandum was filed using the Court's CM/ECF System and was thereby made available to Defendant's counsel, John L. Calcagni III of Law Office of John L. Calcagni III, Inc. at 72 Clifford Street, Suite 300, Providence, Rhode Island 02903.

>                         /s/ Milind Shah
>                         Milind Shah